# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

RIGOBERTO ARZATE MIRANDA, BOP #46404-359,

Plaintiff,

vs.

JERALD LEE BRAININ; MARC XAVIER CARLOS; MARK A. CHAMBERS; STEPHEN PETERSON

Defendants.

Civil No. 10-1816 H (PCL)

**ORDER DENYING MOTION FOR RECONSIDERATION AS MOOT**

**[Doc. No. 25]**

## I. Procedural History

On August 30, 2010, Plaintiff, Rigoberto Arzate Miranda, a prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleged his appellate counsel violated his rights to due process and to be free from cruel and unusual punishment by "misrepresent[ing]" him during an appeal of his federal criminal case, *United States v. Arzate-Miranda*, S.D. Cal. Criminal Case No. 07-cr-00556-DMS-1. *See* Compl. at 2-3. Plaintiff sought injunctive relief as well as nominal, compensatory and punitive damages. *Id.* at 7.

Plaintiff did not prepay the $350 civil filing fee required by 28 U.S.C. § 1914(a); instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2], as well as a Motion for Appointment of Counsel [Doc. No. 3].

On October 1, 2010, this Court granted Plaintiff's Motion to Proceed IFP, denied Plaintiff's Motion for Appointment of Counsel and sua sponte dismissed his Complaint for failing to state a claim. *See* Oct. 1, 2010 Order at 7-8. Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* at 8.

On February 4, 2011, after receiving two extensions of time, Plaintiff submitted a First Amended Complaint [Doc. No. 22], which, while received late, was nevertheless accepted for filing pursuant to *Houston v. Lack*, 487 U.S. 266, 270-72 (1988). *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (holding that "*Houston* mailbox rule applies to § 1983 suits filed by *pro se* prisoners."). On February 8, 2011, the Court directed the Clerk to file Plaintiff's First Amended Complaint "nunc pro tunc to the date received." *See* "Notice of Document Discrepancies [Doc. No. 21].

On February 24, 2011, however, the Court dismissed Plaintiff's First Amended Complaint for again failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Feb. 24, 2011 Order [Doc. No. 23]. Because the Court found further amendment futile, and that an appeal would be frivolous, it certified that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and the Clerk entered judgment accordingly. *See* Feb. 25, 2011 Order and Clerk's Judgment [Doc. Nos. 23-24].

On February 25, 2011, the following day, and very likely before Plaintiff, who is currently incarcerated at the United States Penitentiary in Inez, Kentucky, had even received this Court's February 24, 2011 final order dismissing his First Amended Complaint for failing to state a claim, Plaintiff submitted a document entitled "Memorandum of Point[s] and Authorities in Support of Plaintiff's Motion for Reconsideration and Notice of Appeal" which the Court directed the Clerk to file both as a Motion for Reconsideration and as a Notice of Appeal [Doc. Nos. 25, 26].

## II. Motion for Reconsideration

Under certain circumstances, district courts have discretion to reconsider a decision, and if appropriate, vacate a judgment. *See Barber v. Hawai'i*, 42 F.3d 1185, 1198 (9th Cir. 1994).

In his Motion, signed on February 22, 2011, Plaintiff asks the Court "for reconsideration of the Order entered on 02/08/11 dismissing [his] First Amended Complaint." *See* Pl.'s Mot. & Notice of Appeal [Doc. No. 25]. While it is not entirely clear, it seems Plaintiff believes his First Amended Complaint was *dismissed* on February 4, 2011. He argues that because he delivered his pleading to prison authorities on January 18, 2011, it should have been deemed timely "filed" as of that date pursuant to *Houston*'s "mailbox" rule. *Id.*

Plaintiff is correct insofar as *Houston* holds that a pro se prisoner's notice of appeal is deemed filed on the date he "delivered the notice to prison authorities for forwarding to the [d]istrict [c]ourt." *Houston*, 487 U.S. at 270. Moreover, the Ninth Circuit has recently extended *Houston's* "mailbox rule" specifically to § 1983 complaints filed by pro se prisoners. *Noelle*, 567 F.3d at 1107.

**III. Conclusion & Order**

However, because the Court accepted Plaintiff's First Amended Complaint for filing and did not, as Plaintiff seems to believe, dismiss it as untimely, his Motion for Reconsideration [Doc. No. 25] is **DENIED** as moot. Nevertheless, Plaintiff's First Amended Complaint still fails to state a claim and it remains dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), without leave to amend, for the reasons set forth in detail in the Court's February 24, 2011 Order [Doc. No. 23].

IT IS SO ORDERED.

Dated: March 10, 2011

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT